UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STRIKE 3 HOLDINGS, LLC,

            Plaintiff,                **DECISION AND ORDER**

      v.                             1:19-CV-0847 EAW

JB,

            Defendant.
_____

# BACKGROUND

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action on June 24, 2019, against defendant JB ("Defendant")[1], alleging copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (Dkt. 1). The filed affidavit of service indicates that personal service was made on Defendant on December 12, 2019. (Dkt. 10; Dkt. 12). The Clerk of Court entered a default against Defendant on January 30, 2020. (Dkt. 14).

Currently pending before the Court is a motion for default judgment filed by Plaintiff against Defendant on February 1, 2021. (Dkt. 16). Plaintiff requests judgment in the amount of $19,900, comprised of $19,500 in statutory damages and $400 in court costs.

---

[1]   Plaintiff initially proceeded against defendant identified only as John Doe but upon its learning of Defendant's identity through the issuance of a subpoena to Defendant's Internet Service Provider (Dkt. 6), Plaintiff amended its complaint and maintained the confidentiality of Defendant's identity with its public filings (Dkt. 7).

Plaintiff served the motion on Defendant at his last known address (Dkt. 19), and no response was filed by Defendant.

**DISCUSSION**

I. **Legal Standard**

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As noted above, Plaintiff has obtained entry of default against Defendant in this case. (Dkt. 14).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citation omitted).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). The three factors include: (1) "whether the defendant's default was willful"; (2) "whether the defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial

of the motion for default judgment." *Id.* "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted).

"Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citing *Greyhound Exhibitgroup, Inc. v. E.LU.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "[A] defendant's default does not constitute admission of the plaintiff's allegations relating to the amount of damages." *Annuity, Pension, Welfare, Training & Labor Mgmt. Coop. Trust Funds v. Coastal Envtl. Grp., Inc.*, No. 18 Civ. 5773 (AMD) (ST), 2019 WL 4603805, at *3 (E.D.N.Y. Sept. 5, 2019) (citing Fed. R. Civ. P. 8(b)(6); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)), *report and recommendation adopted,* No. 18-CV-5773 (AMD)(ST), 2019 WL 4602851 (E.D.N.Y. Sept. 23, 2019). "Thus, upon establishing the liability of a defaulting defendant, the Court must conduct its own analysis to 'ascertain the amount of damages with reasonable certainty' by first 'determining the proper rule for calculating damages on [the given] claim' and then 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The plaintiff in such a case bears the burden to demonstrate 'that the compensation sought relate[s] to the damages that naturally flow

from the injuries pleaded.'" *Coastal Envtl. Grp., Inc.*, 2019 WL 4603805, at *3 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159).

Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015); *Granite Music Corp.*, 786 F. Supp. 2d at 726 ("It is within the sound discretion of the District Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith.").

Here, the Court easily concludes that Plaintiff has established Defendant's willfulness and that Plaintiff, as the non-defaulting party, would be prejudiced in the absence of a default judgment. As to the latter, "[w]ithout the entry of a default judgment, Plaintiff would be unable to recover for the claims adequately set forth in the Complaint." *Flanagan v. N. Star Concrete Constr., Inc.*, No. 13-CV-2300 (JS)(AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014). With respect to willfulness, Plaintiff has submitted proof of service demonstrating the summons and complaint were personally served on Defendant. Moreover, Plaintiff's motion for default judgment was served upon Defendant at his last known address. (Dkt. 19). Defendant did not respond to either the summons and complaint, or the motion for default judgment. "Defendant's failure to appear, failure to respond to the Complaint, and failure to respond to the instant motion sufficiently demonstrate willfulness." *Krevat*, 2014 WL 4638844, at *6 (citation omitted); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1988) (defendant's failure to

appear, to respond to complaint, and to respond to motion for default judgment indicates willful conduct). Thus, the Court turns to the merits of Plaintiff's claim and any defense.

## II. Merits of the Claim and Any Defense

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quotation and citation omitted). "While a defendant need not establish his defense conclusively, he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Krevat*, 2014 WL 4638844, at *6 (quotation and citation omitted).

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.*

> The fact that a complaint stands unanswered does not, however, suffice to establish liability on [the] claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.

*Said v. SBS Electronics, Inc.*, No. CV 08-3067(RJD)(JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010); *see also Krevat*, 2014 WL 4638844, at *7 ("Even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims.").

To establish a claim for copyright infringement, a plaintiff must show its ownership of a valid and registered copyright and that defendant copied constituent elements of the

work that are original. *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004).

In its amended complaint, Plaintiff has alleged ownership of motion pictures (the "Works") and that the Works have "been registered with the United States Copyright Office." (Dkt. 7 at ¶¶ 30, 31). Plaintiff has also alleged that Defendant "copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol" and that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (*Id.* at ¶¶ 40-41). According to Plaintiff, its investigator, IPP International U.G. ("IPP") "established direct TCP/IP connections with the Defendant's IP address . . . while Defendant was using the BitTorrent file distribution network," and "[w]hile Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media files containing [the Works] . . . ." (*Id.* at ¶¶ 23-24). Plaintiff alleges that "[a] full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant." (*Id.* at ¶ 25). Plaintiff further alleges that Defendant's infringement is "continuous and ongoing." (*Id.* at ¶ 29).

Plaintiff's allegations are sufficient to establish a claim for copyright infringement against Defendant. *Malibu Media, LLC v. Rios*, No. 18-CIV-346-PGG-GWG, 2021 WL 942737, at *2 (S.D.N.Y. Mar. 11, 2021) (granting default judgment where plaintiff established "proven ownership of a valid copyright," and "has shown unauthorized copying by alleging facts showing [that Defendant] downloaded and distributed its copyrighted

works via BitTorrent without its permission."); *see also Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (finding *prima facie* case where plaintiff alleged that it was registered owner of the copyrights and that defendant downloaded, copied and distributed complete copies). Thus, the Court now turns to the issue of damages.

### III. Damages

As noted, "[a] default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages." *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401 (NGG)(MDG), 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), *report and recommendation adopted*, No. 08-CV-3401 NGG MDG, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Metro Found. Contractors Inc.*, 699 F.3d at 234. In other words, while "Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory" and instead it lies within a district court's sound discretion to determine "when it is 'necessary and proper' to hold an inquest on damages." *Id*. (quotation and citation omitted).

Of course, "a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Ditech Fin. LLC v. Singh*, No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017). "A

plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.,* No. 12 CIV. 1369 LGS AJP, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, No. 12 CIV. 01369 LGS, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

Here, Plaintiff requests statutory damages and court costs. (Dkt. 16 at 5-6). In support of those requests, Plaintiff has submitted the declaration of its attorney (Dkt. 16-1) and United States Copyright Office registration information for the Works, including the publication date and registration number (Dkt. 16-3). Plaintiff specifically argues that a hearing is unnecessary. (Dkt. 16 at 6).

Section 504(a) of the Copyright Act provides that a copyright owner may recover either actual damages or statutory damages for infringement. 17 U.S.C. § 504(a)(1)-(2). Here, Plaintiff seeks statutory damages. (Dkt. 16 at 5-6). A copyright owner seeking statutory damages "may recover 'with respect to any one work, . . . no[ ] less than $750 or more than $30,000 as the court considers just.'" 17 U.S.C. § 504(c)(1). "Courts consider the following factors in determining an award of statutory damages: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing

material; and (6) the conduct and attitude of the parties." *Malibu Media*, 2021 WL 942737, at *3. In light of the default, the Court is unable to assess each of the identified factors, but concludes that Defendant's conduct was willful and that there is a need for deterrence of similar conduct, allowing it to conclude that damages are warranted.

Here, Plaintiff seeks an award of $750 for each work infringed, for a total of $19,500.00 in statutory damages. Under the circumstances, the Court finds that an award of statutory damages is appropriate and that the amount sought by Plaintiff is reasonable. *Malibu Media*, 2021 WL 942737, at *3 (awarding $18,000 in statutory damages, which corresponds to an award of $1,500 per infringed work); *Malibu Media, LLC v. Doe*, No. 19-CV-3806-DRH-SIL, 2020 WL 8093340, at *3 (E.D.N.Y. Dec. 2, 2020) (awarding statutory damages in the amount of $1,500 for each of 15 copyright infringements), *report and recommendation adopted*, No. 19-CV-3806-DRH-SIL, 2021 WL 123369 (E.D.N.Y. Jan. 13, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5305-DRH-SIL, 2020 WL 6875260, at *3 (E.D.N.Y. Nov. 12, 2020) (granting default judgment motion and awarded statutory damages in the amount of $750 for each of 145 copyright infringements for a total of $108,750), *report and recommendation adopted*, No. 2:18-CV-5305-DRH-SIL, 2021 WL 21532 (E.D.N.Y. Jan. 4, 2021). The Court concludes that Plaintiff is entitled to an award of $19,500 in statutory damages.

Additionally, Plaintiff has established its entitlement court costs of $400 representing the filing fees. *Malibu Media,* 2020 WL 8093340, at *5 (awarding $400 in court costs noting that "[t]he Copyright Act authorizes a court, 'in its discretion,' to order

the payment of court costs to the prevailing party"). Accordingly, Plaintiff is awarded a total of $19,900 in statutory damages and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment is granted (Dkt. 6) and it is awarded $19,500 in statutory damages and $400 in costs for a total award of $19,900. The Clerk of Court is directed to enter a total judgment in favor of Plaintiff against Defendant, in the amount of $19,900 consistent with this Decision and Order, and close this case. The Clerk is directed to publicly file a judgment using the initials "JB" for Defendant, but then file under seal an unredacted version of the judgment with the name of Defendant spelled out.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      June 1, 2021
            Rochester, New York